**IN THE COURT OF APPEALS OF IOWA**

No. 17-1046
Filed September 13, 2017

**IN THE INTEREST OF J.A.,**
**Minor Child,**

**J.S., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Bremer County, Peter B. Newell, District Associate Judge.


        A father appeals the termination of his parental rights to his child. **AFFIRMED.**


        Darius P. Robinson of Stumme, Collins, Gritters & Epley, P.L.L.C., Waverly, for appellant father.

        Thomas J. Miller, Attorney General, and Ana Dixit, Assistant Attorney General, for appellee State.

        Linnea N. Nicol of Juvenile Public Defender Office, Waterloo, guardian ad litem for minor child.


        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

A father appeals the termination of his parental rights to his child, born in 2015.  He contends (1) the State failed to prove the grounds for termination cited by the district court, (2) the State failed to make reasonable efforts to reunify him with his child, and (3) termination was not in the child's best interests.

## I.    Grounds for Termination

The district court terminated the father's parental rights on several grounds.  We may affirm the decision if we find clear and convincing evidence to support termination under any of the cited grounds.  *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).  On our de novo review, we find evidentiary support for Iowa Code section 232.116(1)(h) (2017), which requires proof of several elements, including proof the child cannot be returned to the parent's custody.

The child was born prematurely with marijuana in his system.  He remained hospitalized for several months.  The department of human services offered the parents voluntary services to address their substance abuse issues and the mother's mental health.[1]  The father declined to participate.  Six months after the department initiated these services, the father was arrested on a parole violation.  His parole was revoked, and he was incarcerated.

The child was temporarily removed from the parents' care in 2016, based on the mother's substance abuse while parenting him.  He was subsequently adjudicated in need of assistance.  The child remained out of the father's care throughout the formal proceedings.

---

[1] The child's mother consented to the termination of her parental rights.

At the hearing on the State's petition to terminate the father's parental rights, the father testified he was currently incarcerated at a correctional release center and had been there for approximately eleven months. He did not expect to discharge his twenty-five year sentence until 2021, and he was not slated to be considered for parole until September 2017. Although he had made housing and employment plans with the expectation that he would be paroled, he conceded he would need six months to prepare for return of the child.

The State proved the statutory ground for termination set forth in Iowa Code section 232.116(1)(h).

## II. Reasonable Efforts

The father contends the department "failed to make reasonable efforts to provide services to [him] after the child was removed." *See In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). He cites the department's delay in facilitating visits while he was in prison.

Imprisonment does not absolve the department "of its statutory mandate to provide reunification services." *In re S.J.*, 620 N.W.2d 522, 525 (Iowa Ct. App. 2000). The father began requesting prison visits with his child in August 2016. The department did not initiate visits until February 2017. The department attributed the delay to paperwork issues and laid some of the blame at the feet of the department of corrections. Whoever was to blame, we can find no justification in this record for the lengthy delay in processing paperwork to proceed with visits.

That said, the department eventually began facilitating visits. While the agency only scheduled three prison interactions—one every four to six weeks—

the five-hour round-trip journey made more frequent trips unfeasible. *See id.* (setting forth factors for consideration in determining reasonableness of services, including "the physical location of the child and the parent"). We conclude the department minimally complied with its statutory reasonable-efforts mandate.

### III.   Best Interests

Termination must serve the child's best interests. *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). In this case it did. Although the service provider who supervised visits stated the father "was always very excited to see his son," she opined termination of the father's parental rights was in the child's best interests because the child had "limited-to-no bond with his father." The department social worker overseeing the case similarly testified "for all practical purposes [the child] doesn't know his father." We conclude termination was in the child's best interests.

We affirm the termination of the father's parental rights to this child.

**AFFIRMED.**